IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DENISE WILDERSON,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**UNIVERSITY OF KANSAS HOSPITAL** )<br>**AUTHORITY d/b/a THE UNIVERSITY OF** )<br>**KANSAS HEALTH SYSTEM,** )<br>)<br>**Defendant.** ) | Case No. 2:21-cv-02525-TC-TJJ |

## DEFENDANT UKHA'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS ASSERTED BY PLAINTIFF

Defendant University of Kansas Hospital Authority ("UKHA") hereby moves for summary judgment in its favor on Plaintiff's claims of age discrimination and retaliation brought under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.* Plaintiff's discrimination and retaliation claims brought under the ADEA fail as a matter of law and accordingly, UKHA is entitled to summary judgment in its favor. The bases for UKHA's motion, as fully explained in its Memorandum in Support, are the following:

1.  Plaintiff cannot demonstrate a *prima facie* case of discrimination under the ADEA because the record evidence establishes that she was not performing satisfactorily, she was not replaced by a younger employee and was instead replaced by an older employee, and she was not treated less favorably than younger employees.

2.  Plaintiff cannot demonstrate a *prima facie* case of retaliation under the ADEA because Plaintiff did not engage in any protected opposition to discrimination ***prior*** to the termination of her employment.

86951621.1

3. Plaintiff also cannot demonstrate a *prima facie* case of retaliation under the ADEA because she cannot demonstrate a causal connection between any alleged protected conduct and the termination of her employment.

4. Plaintiff additionally cannot demonstrate a causal connection between UKHA's decision to uphold the termination of her employment during the grievance process (which is not even a cognizable adverse action) and any alleged protected conduct because Plaintiff admits that the individuals who decided to uphold her termination in the grievance process did not have any retaliatory intent.

5. Regarding both claims, UKHA terminated Plaintiff's employment and decided to uphold the termination of her employment for legitimate, nondiscriminatory, and nonretaliatory reasons, which Plaintiff cannot demonstrate are pretext for intentional discrimination or retaliation.

For these reasons and those contained in UKHA's Brief in Support, UKHA respectfully requests that this Court grant summary judgment in its favor on all of Plaintiff's pending claims of discrimination and retaliation under the ADEA.

    Respectfully submitted,

    POLSINELLI PC

    By: /s/ Meghan H. Hanson
        ERIC E. PACKEL (#23070)
        MEGHAN H. HANSON (D. Kan. #78869)
        900 W. 48th Place, Suite 900
        Kansas City, MO  64112-1895
        (816) 753-1000
        Fax No. (816) 753-1536
        epackel@polsinelli.com
        mhanson@polsinelli.com

    ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by (X) ECF; (__) United States Mail, postage prepaid; and/or (____) E-mail this 7th day of December, 2022, to:

Ben T. Schmitt, Esq.
Nickolas C. Templin, Esq.
Melody L. Roberts, Esq.
Schmitt Law Firm, LLC
2600 Grand Blvd., Suite 380
Kansas City, MO  64108
816-400-1000
Fax:  816-389-4015
ben@kansascitylawyers.com
nick@kansascitylawyers.com
melody@kansascitylawyers.com
ATTORNEYS FOR PLAINTIFF

                                                                       /s/ Meghan H. Hanson
                                                           *Attorney for Defendant*